STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

CYNTHIA JOHNSON (CABN 328932)
Special Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Cynthia.Johnson@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 4:13-CR-00679-002 YGR |
| Plaintiff, | DETENTION ORDER |
| v. | |
| CRAIG GOATLEY, | |
| Defendant. | |

    On April 17, 2014, Defendant Craig Goatley was sentenced to 78 months custody and 5 years supervised release for a conviction of Bank Robbery and Aiding and Abetting, in violation of 18 U.S.C. §§ 2113(a)(d) and (2).

    On August 9, 2021, U.S. Probation filed a Form 12 petition charging the defendant with violating the terms of his Supervised Release. (Dkt. No. 49). The Form 12 charges the defendant with committing a new crime by being a felon in possession of a firearm and ammunition, failing to participate in mental health counseling as directed by U.S. Probation, and failing to pay his restitution as required.

    On September 12, 2022, the defendant appeared before the undersigned for an arraignment on

the aforementioned Form 12 petition. Status on detention was set to September 26, 2022 and reset to October 3, 2022 by stipulation of the parties. On October 3, 2022, the probation officer asked for time to confirm any restrictive conditions of release with Mr. Goatley's state probation officer and time to investigate a residence in which Mr. Goatley intended to reside if released. The detention hearing proceeded on October 13, 2022. Although there were no state probation restrictions that would prevent Mr. Goatley from staying at the identified residence, the probation officer had concerns about the residence being a stable environment. The Government moved for detention.

The defendant bears the burden of establishing by clear and convincing evidence that he will not flee or pose a danger to the community if released pending his revocation hearing. *United States v. Loya,* 25 F.3d 1529, 1531 (9th Cir. 1994). Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds that the defendant has not met his burden given the nature of the alleged supervised release charges. In addition, Defendant's argument that he wanted to be released due to the conditions of confinement at Santa Rita Jail was insufficient to meet his burden. Accordingly, the Court orders that the defendant be detained pending the resolution of the Form 12 petition.

Pursuant to 18 U.S.C. § 3143, IT IS ORDERED THAT:

1. The defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

This Order is without prejudice to reconsideration at a later date if circumstances change.

IT IS SO ORDERED.

DATED: October 17, 2022

_____
HONORABLE KANDIS A. WESTMORE
United States Magistrate Judge

DETENTION ORDER
4:13-CR-00679-002 YGR

2